IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, INC., and MORTIMER ADRAMELECH,<br><br>Plaintiffs,<br><br>v.<br><br>MARK CAMPBELL, DIRECTOR OF THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, in his official and individual capacities, ADAM STEEN, FORMER DIRECTOR OF THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, in his individual capacity, and THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES,<br><br>Defendants. | Case No. 4:26-cv-336<br><br>**RESISTANCE TO MOTION TO PROCEED UNDER PSEUDONYM** |

COME NOW the Iowa Department of Administrative Services, Director Mark Campbell, and Former Director Adam Steen ("Defendants") and for their resistance to Motion to Proceed under Pseudonym, state as follows:

1. On August 13, 2026, the individual Plaintiff, self-styled as Mortimer Adramelech, moved this Court to proceed under a pseudonym in this case.
2. Adramelech contends that the "unique circumstances of this case support his request to proceed under a pseudonym. Motion at ¶ 6.
3. Courts consider the totality of the circumstances, usually focusing on three factors. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). *First*, anonymity is

less appropriate in suits between private parties. *Id. Second*, anonymity is more appropriate when litigants must disclose information of utmost intimacy. *Id.*; *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (per curiam). *Third*, anonymity is more appropriate when the plaintiff must "admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita*, 965 F.3d at 1247. After balancing those factors, courts assess whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the defendant faces "fundamental unfairness." *Id.*

4. Historically, federal courts have "disfavor[ed] the use of fictious names in legal proceedings," as "[t]he use of fictious names runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto." *Cajune v. Independent School Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024).

5. Exceptions to that bright-line rule involving cases of children and victims of sexual assault. *Id.* at 1077.

6. In 2024, the Eighth Circuit held "that a party may proceed under a fictious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* The Court also held the inquiry into whether the protection of proceeding under a pseudonym is warranted depends on the facts of the case before a court. *Id.*

7. Adramelech asserts on brief that he has a strong interest in anonymity. Br. at 5. Adramelech's enumerated reasons for this request are:

a. He is challenging government activity;

b. Disclosing his identity could reveal sensitive and highly personal information regarding Adramelech's religious beliefs;

c. He faces danger of retaliation if his identity is disclosed;

d. The Office of Civil Rights found that disclosing his name could subject him to safety risks; and

e. Adramelech has remained anonymous to date.

8. Adramelech is challenging government activity, and, as a result, believes he should be able to do so anonymously. Br. at 5-6. But "[i]t is not that suing the government weighs *in favor* of granting a request for anonymity; rather, the operative principle is that a suit against a private party weighs *against* a plaintiff's request for anonymity." *Farmworker Ass'n of Fla., Inc. v. DeSantis*, 2024 WL 517954, at *2 (S.D. Fla. Feb. 9, 2024) (quotations omitted). That factor thus is neutral here.

9. "[A] party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure. *Cajune*, 105 F.4th at 1077. And recently, the Eighth Circuit has reiterated that risk of social opprobrium, unaccompanied by a threat from a defendant, is not enough to confer pseudonymity. *Id*.

10. Notably, the specific government activity which Adramelech is seeking to challenge is the Iowa Department of Administrative Services' response (or lack thereof) to his application for public Satanic holiday events at the Iowa Capitol

Building. Comp. ¶¶ 1–15. Adramelech wants to host public events in a public space. And he sued in public court. "What transpires in the court room is public property." *W.M.M. v. Trump*, ___ F.4th ___, 2026 WL 2364402, at *1 (5th Cir. Aug. 13, 2026) (en banc) (quoting *Craig v. Harney*, 331 U.S. 361, 374 (1947)).

11. In *Cajune*, plaintiffs challenged governmental activity and "fear[ed] reprisal from political activists." *Cajune*, 105 F.4th at 1078. Indeed, one of the fears related to the plaintiffs in that case "allegedly being *assaulted* and physically blocked from entering school board meetings." *Id.* Even prior assaults and threats were not enough to justify pseudonymity there. *Id.* Nor was the fear of social opprobrium. *Id.*

12. Adramelech argues that it is necessary to proceed under a pseudonym in this matter in order to maintain certain religious information as private. Br. at 6-7. It is hard to square a desire for private religious practice with the object of this lawsuit: a public celebration of Plaintiff's religion in the State capitol. This is not some example of state action seeking out a group and asking hard questions. This is a lawsuit that Plaintiff himself brought.

13. Even so, the "sensitive and highly personal nature" of prior cases where an individual requested to proceed pseudonymously have dealt with matters involving abortion, reproduction and birth control, welfare cases involving illegitimate children, and homosexuality. *Cajune* at 1027. District courts within the Eighth Circuit have held similarly. *See Heather K. by Anita K. v. City of Mallard* Iowa, 887 F. Supp. 1249, 1257 (N.D. Iowa 1995) (granting a

plaintiff's motion to proceed anonymously based on her severe physical health conditions and private health information); *see also, Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1030 (D. Minn. 1998) (denying a plaintiff's request to proceed under a pseudonym in a case of sexual coercion). Accordingly, this factor should weigh in favor of this court denying Adramelech's motion.

14. Plaintiff also argues that he has a fear of retaliation if his identity is disclosed in this matter. Br. at 7-8. Fear of retaliation is one valid basis "in favor of anonymity." *Cajune*, 105 F.4th at 1077 (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)). But there is no valid basis to assert retaliation from Defendants here.

15. Adramelech argues the following past instances of threatened violence, disruption, or violence are grounds for him to proceed under a pseudonym in this matter:

    a. An instance of vandalism to a temporary display in the Capitol in December 2023;

    b. An instance of violence and disturbance over one year ago in a PrideFest march off Capitol grounds where Adramelech was not injured and, based on the circumstances described, was not the target;

    c. Instances of threatened violence in the Quad Cities against elementary students in the "After-School Satan Club" in 2022, 2023, and 2025;

    d. Three specific instances of out-of-state violence;

e. Alleged "actionable" threats of violence outside of Iowa made against The Satanic Temple on social media;

f. Alleged threats of violence against Adramelech (presumably directed at his pseudonym's presence) on social media; and

g. Alleged threats of non-patronage of the restaurant at which Adramelech works due to his association with the Satanists.

16. None of those threats are alleged to have been made by Defendants. There is no threat of prosecution or any illegal activity. There is no governmental threat of denial of services. And unlike in some cases where pseudonymity is unrelated to the relief being sought (for example, damages in a medical case), here the requested remedy is a public event open to everyone in the State Capitol.

17. Plaintiff cannot show that Defendants "seek to retaliate against [him] due to the prosecution of this lawsuit." *See Cajune*, 105 F.4th 1070, 1078 (8th Cir. 2026). Nor has Plaintiff shown that these online threats (often in response to expressly provocative behavior, not mere litigation) "precipitate a finding of future harm." *Id.*

18. Indeed, the Eleventh Circuit has refused to grant anonymity after a paramilitary group attacked a litigant *in that very case*. *In re Chiquita*, 965 F.3d at 1248. If a co-plaintiff being violently attacked for participating in a lawsuit was not enough to grant anonymity, then Plaintiff's facts are not enough either.

19. Finally, Plaintiff asserts that he should proceed anonymously in this federal court litigation as (i) the Office of Civil Rights permitted him to proceed anonymously in the administrative complaints before that office and (ii) that Adramelech's identity has remained anonymous to date. Br. at 11-12.

20. The Iowa agency, the Office of Civil Rights, does not bind this court. Proceedings before the Office of Civil Rights are confidential in nature. They are not public and there is no expectation of public disclosure.

21. But there are significant precedential and public policy implications to permitting Adramelech to sue a state administrative agency and its current and former directors over his desire to host a public event in the State Capitol without identifying himself.

22. First, "there is a First Amendment interest in public proceedings such as lawsuits, which is furthered by disclosing the parties to an action." *United States v. Clayton*, 950 F. Supp. 2d 1014, 1015 (N.D. Iowa 2013). And "[p]seudonymity . . . runs afoul of the public's common law right of access to judicial proceedings." *Doe v. Wash. Univ.,* 652 F. Supp. 3d 1043, 1045 (E.D. Mo. January 20, 2023) (quotations omitted). Indeed, "one of the essential qualities of a Court of Justice [is] that proceedings should be public." *Id.* (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). To permit Adramelech to proceed pseudonymously in this proceeding would create a new exception to the Eighth Circuit's strong admonition against such proceedings.

23. Plaintiff also argues that he has maintained anonymity in relationship to these matters to this point. Br. at 12. But Adramelech admits on brief and in his affidavit that he led a public march at PrideFest on behalf of The Satanic Temple. Br. at 9. Adramelech also states that his employers have received phone calls about his involvement with The Satanic Temple. Br. at 10.

24. Finally, and perhaps most importantly, Plaintiff concedes that his identity is readily discernable from the filings in this case. Br. at 12. ("[T]he Complaint is sufficiently detailed such that Defendants can readily and easily ascertain Adramelech's identity."). "[W]here the identity of a litigant has been revealed—whether in litigation or otherwise—courts have found that nay weight in favor of pseudonymity stemming from the above factors diminishes or evaporates entirely." *Wash. Unvi.,* 652 F. Supp. 3d at 1046. As Adramelech believes he has already revealed his identity, the court should reject his request for pseudonymity. *See id.*

25. If the Court grants the motion for pseudonymity, Defendants respectfully request that the Court also grant a motion for interlocutory appeal. 28 U.S.C. § 1292(b). Pseudonymity has become a recurring issue in litigation against State defendants, and in at least one matter, there has opened a split with the en banc Fifth Circuit. *Compare W.M.M.*, 2026 WL 2364402, at *4 (denying pseudonymity to immigrants seeking pseudonymity to challenge Texas's illegal reentry law) with *Iowa Migrant Movement for J. v. Bird*, No. 4:24-CV-

00161-SHL-SBJ, 2024 WL 6991110, at *3 (S.D. Iowa June 6, 2024) (granting pseudonymity despite explicit concession of non-prosecution by defendants).

WHEREAS, Defendants respectfully request this Court deny Plaintiff Mortimer Adramelech's request to proceed in this matter under a pseudonym or, in the alternative, respectfully request that the Court certify an interlocutory appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

*/s/ Lindsey L. Browning*
LINDSEY L. BROWNING AT0011959
Assistant Attorney General
Agency Counsel Division
1305 E. Walnut St., Second Fl.
Des Moines, IA 50319
Ph: (515) 281-3441
Fax: (515) 281-4209
Email: lindsey.browning@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

Counsel of record served via CM-ECF
on August 28, 2026.