IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, INC., and MORTIMER ADRAMELECH,<br><br>Plaintiffs,<br><br>v.<br><br>MARK CAMPBELL, DIRECTOR OF THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, in his official and individual capacities, ADAM STEEN, FORMER DIRECTOR OF THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, in his individual capacity, and THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES,<br><br>Defendants. | Case No. 4:26-cv-336<br><br>**MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

COME NOW the Iowa Department of Administrative Services, Director Mark Campbell, and Former Director Adam Steen ("Defendants") and for their Motion for Leave to Conduct Limited Discovery Regarding Plaintiffs' Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 26(d)(1), state as follows:

## INTRODUCTION

1. The Satanic Temple and Mortimer Adramelech ("the Satanists") have moved for a preliminary injunction in this matter. *See* Dkt. No. 3.[1]

[1] Mortimer Adramelech is fictitious name. He has moved to proceed pseudonymously. Defendants do not see any basis for that here.

2. The Satanists have requested the following relief:

> Plaintiffs respectfully request that this Court grant them a preliminary injunction ordering Defendants to stop violating their rights under the First and Fourteenth Amendments of the Constitution, the Iowa Religious Freedom Restoration Act, and the Iowa Civil Rights Act, and to approve Plaintiffs' application to hold a holiday event at the Iowa Capitol Rotunda on December 12, 2026.

*See* Dkt. No. 3.

3. To obtain a Preliminary Injunction, the Satanists must show a likelihood of success on the merits. *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

4. Seven of the eight counts at issue in this matter require The Satanic Temple to show that it is a religion. That is because the requested relief relies on the Free Exercise Clause, Religious Freedom Restoration Act, or other causes of action that take as a predicate the religious nature of a plaintiff. *See* Dkt. No. 9.

5. Of course, the State would not normally question the stated sincerely held religious beliefs of a person or religious organization. This case presents unique facts, though, where the Satanists themselves have issued several public statements that undermine their own religious claims.

6. The Satanists have made impossible-to-reconcile representations regarding their own belief system and religious practices, including whether their practices are religious at all.

7. Plaintiffs' own words thus raise a threshold issue that is material and must be resolved before injunctive relief may issue. After all, it is hard to contend that

*if* the Satanists are not asserting sincerely held religious beliefs, that they are entitled to the protections thereof.

8. All the relief sought in the preliminary injunction depends on whether the Satanists were truthful and accurate in their complaint, or whether the conflicting statements they have made in other public fora and litigation are truthful instead.

9. Defendants do not ask this Court to decide whether the Satanists' beliefs are true. Courts may not undertake that inquiry. *United States v. Ballard*, 322 U.S. 78, 86–88 (1944); *Hernandez v. Commissioner*, 490 U.S. 680, 699 (1989). Sincerity, however, is a different question, and it is a question of fact that courts routinely resolve. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 717 n.28 (2014); *Thomas v. Review Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714–16 (1981); *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005). So too is the antecedent question whether an organization is a religion at all. *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981); *United States v. Meyers*, 95 F.3d 1475, 1483 (10th Cir. 1996); *Cavanaugh v. Bartelt*, 178 F. Supp. 3d 819, 829–31 (D. Neb. 2016) (Church of the Flying Spaghetti Monster was not a religion entitled to protection). Defendants' proposed discovery is directed to those two permissible inquiries and no others.

## INJUNCTIVE RELIEF AND EXPEDITED DISCOVERY

10. The Federal Rules of Civil Procedure make express provision to permit limited discovery before a Rule 26(f) conference by court order. Fed. R. Civ. P. 26(d)(1).

11. The Eighth Circuit Court of Appeals has not adopted a standard for preliminary discovery. *See NRRM, LLC v. Pelican Invest. Holdings, LLC*, 2026 WL 491023 at *1 (E.D. Mo. Feb. 20, 2026).

12. District courts within the Eighth Circuit have utilized two separate tests to determine whether a party is entitled to conduct preliminary, expedited discovery. *Id.*

13. Some courts use a "good cause" or "reasonableness" standard to determine when pre-26(f) discovery should be ordered. *Id.* Defendants are aware of no decision of this Court adopting a standard, and the Northern District of Iowa has adopted the good cause standard. *See Rapid Refill, LLC v. JDDK, Inc.* 2014 WL 12581758 at *2 (N.D. Iowa July 17, 2014) (citing *Progressive Cas. Ins. Co. v. FDIC*, 283 F.R.D. 556, 557 (N.D. Iowa 2012) and *Wachovia Sec., LLC v. Stanton,* 571 F.Supp.2d 1014, 1049-50 (N.D. Iowa 2008)). Defendants recommend using that test.

14. In making their respective determinations regarding "good cause" or "reasonableness" district courts have considered: (1) whether a motion for preliminary injunction is pending; (2) the purpose for requesting the expedited discovery; (3) the breadth of the discovery requests; (4) the burden on the opposing party to comply with the requests and (5) how far in advance of the typical discovery process the request was made. *Id.* 2014 WL 12581758 at *3 (citations omitted).

15. Other courts have held "[u]nder the good cause standard," expedited discovery is warranted where the need of the party requesting it, "in consideration of administration of justice, outweighs prejudice to the responding party." *NRRM, LLC,* 2026 WL 491023 at *2 (citations omitted).

16. For the reasons set forth below, "in consideration of the administration of justice, the Defendants' need for expedited discovery outweighs any prejudice" to Plaintiff TST. *Id.*

**<u>GOOD CAUSE EXISTS FOR THE LIMITED DISCOVERY REQUESTED</u>**

17. First, a motion for preliminary injunction is pending. Plaintiffs themselves have placed the question of their religious character squarely at issue by seeking emergency relief on claims that take that character as a predicate.

18. Second, the purpose of the requested discovery is narrow and threshold. Defendants do not seek merits discovery on the denial of Plaintiffs' application. They seek documents bearing on two questions only: whether Plaintiff is a religion whose adherents hold sincere religious beliefs, and whether Plaintiff operates for religious rather than political purposes. Seven of the eight counts rise or fall on the answer.

19. Third, the requests are narrow in breadth. Defendants seek nine document requests. They seek no depositions, no interrogatories, and no requests for admission. Several requests are satisfied by "documents sufficient to show" the fact at issue, and Defendants expressly disclaim any request for the identities of individual members or donors.

20. Fourth, the burden on Plaintiffs is slight. The documents sought are Plaintiffs' own organizational, financial, and liturgical records, and Plaintiff has produced materials of this kind in other litigation in which it has asserted religious status. Defendants will stipulate to a protective order governing any confidential material, which eliminates any residual prejudice.

21. Fifth, the request is not far in advance of the ordinary course. Plaintiffs' requested event is set for December 12, 2026, more than three months from the date of this filing. There is ample time for the limited production Defendants seek, followed by briefing and a ruling, without disturbing the date Plaintiffs themselves selected. Defendants do not seek to delay resolution of the preliminary injunction motion and are prepared to proceed on any expedited schedule the Court sets.

**ISSUES RAISED BY PLAINTIFF TST**

22. After its founding in 2013, Plaintiff The Satanic Temple sought relief in federal court as "an association of politically aware Satanists, secularists and advocates for individual liberty." *The Satanic Temple v. Nixon*, 15-cv-00986, Dkt. 1 (E.D. Mo. June 23, 2015).

23. But over the past five years, The Satanic Temple has brought suit or appealed district court rulings where it has represented itself as a religion in filings as follows:

a. A non-theistic religion[2];

b. An atheistic religion[3];

c. A religious association[4];

d. A church[5] ; and

e. An atheistic religious corporation which engages in various charitable activities and advocates for the religious rights of its members[6].

24. Accompanying this filing is an appendix assembled for the Court's reference including the conflicting ways The Satanic Temple has self-identified its beliefs in federal filings in the past five years. Please note, multiple contrasting descriptions were used in the same filing. *See* Exhibit C.

25. The appendix also reveals a related problem: it is not clear which entity is before this Court. In its own filings, The Satanic Temple has identified the plaintiff variously as "The Satanic Temple, Inc.," as "United Federation of

---

[2] *United Federation of Churches, LLC (dba "The Satanic Temple") v. Johnson*, 23-35060 & 23-35105, Dkt. 9.1 (9th Cir. Jan. 25, 2023) (appealing from W.D. Wash. 20-cv-00509) and *The Satanic Temple v. The City of Chicago,* 23-cv-02780, Dkt. 1 (N.D. Ill. May 3, 2023).

[3] *The Satanic Temple, Inc. v. Newsweek Digital, LLC* 25-868 (2nd Cir. July 28, 2025) (appealed from S.D.N.Y. 22-cv-01343); *The Satanic Temple, Inc. v. City of Boston*, 21-cv-10102, Dkt. 1 (D. Mass. April, 18, 2025); *The Satanic Temple v. Lamar Media Co.*. 5:22-cv-5033-TLB (W.D. Ark. Feb. 25, 2022); and *The Satanic Temple v. City of Belle Plain*, 21-CV-336 (D. Minn. Feb. 4, 2021).

[4] *The Satanic Temple v. Labrador,* 22-cv-00411 (D. Idaho Dec. 13, 2022) and *The Satanic Temple, Inc. v. Rokita,* 22-cv-01859, Dkt. 1 (S.D. Ind. September 21, 2022).

[5] *The Satanic Temple, Inc. v. Saucon Valley Sch. Dist.*, 23-cv-012, Dkt. 1 (E.D. Penn. March 30, 2023); *The Satanic Temple v. The City of Chicago*, 23-cv-02780, Dkt. 1 (N.D. Ill. May 3, 2023) and *The Satanic Temple, Inc. v. City of Boston*, 21-cv-10102, Dkt. 1 (D. Mass. April, 18, 2025).

[6] *The Satanic Temple, Inc. v. Hellerstedt,* 4:21-cv-00387, Dkt. 1 (S.D. Tex. February 5, 2021).

Churches, LLC (dba 'The Satanic Temple')," and as an unincorporated "religion." *See* Exhibit C. Defendants are entitled to know which entity asserts these claims and whose activities and finances bear on whether that entity operates for religious purposes.

26. In the press, Plaintiff TST has also referred to itself as follows:

a. "As a **satanic atheist organization**, we have the right to those same protections as well, and so do our members." Lillian Vest, Satanists are raising hell in Texas. Here's what you should know., San Antonio Express News, *available at* https://bit.ly/4cemQPn (Aug. 21, 2026) (emphasis added).
b. "Asked whether her group is a religious organization (or rather an anti-religious organization) **she explains that it's less of a church and more of an affinity group, built around what she repeatedly refers to as 'Satanic principles**.' It's not the dogma you might expect. To quote from the group's website: The Satanic Temple holds to the basic premise that undue suffering is bad, and that which reduces suffering is good. We do not believe in symbolic 'evil.' Most vitally, though, the group does not 'promote a belief in a personal Satan.' By their logic, Satan is an abstraction, or, as Nancy Kaffer wrote for The Daily Beast last year, 'a literary figure, not a deity — he stands for rationality, for skepticism, for speaking truth to power, even at great personal cost.'" Nash Jenkins, Hundreds Gather for Unveiling of Satanic Statue in Detroit, Time, *available at* https://bit.ly/4y00YQ9 (July 27, 2015). (emphasis added).
c. "'**This is supposed to be a religion, but really, it's a corporation run by two dudes**,' David Johnson told me one night over Zoom." Helen Lewis, A Satanic Rebellion: Social justice collides with the Satanic Temple., The Atlantic, *available at* https://archive.is/EJNzx (Oct. 1, 2023). (emphasis added).
d. Several members of The Satanic Temple are more explicit about their nonbelief and use of The Satanic Temple as a ploy. "They're not Satanists, they're atheists. I'm not a satanist, I'm an atheist. It's a ploy to bedevil Christians and it invariably works." Sally Morrow, *After School Satan? Church-state group plays devil's advocate in public schools*, Religion News Service, *available at* https://bit.ly/4iuXiRY (Oct. 18, 2016).
e. Another member admitted he joined despite being a nonbeliever in any religious aspect of The Satanic Temple. "'I'm atheist, but I identify with TST's philosophical approach,' said Mike Ryberg, who joined The

Satanic Temple in 2014 and drove two hours from Columbia, Mo., to attend the event." *Id.*

f. The Satanic Temple Founder Lucien Greaves explained why The Satanic Temple is more of a personal statement than a religion: "People miss that the self-identified Satanist isn't merely doing this for the shock value that it provokes among Christians – it very much is a personal statement, a personal declaration of independence against those things they feel oppressed by." *Id.*

g. On The Satanic Temple's website's Frequently Asked Questions Page, the Satanists admit that they do not have a sincerely held religious belief. The answer to "DO YOU WORSHIP SATAN" begins "No". *See* The Satanic Temple, *Frequently Asked Questions*, *available at* https://perma.cc/22ES-S3QY.

> **DO YOU WORSHIP SATAN?**
>
> No, nor do we believe in the existence of Satan or the supernatural. The Satanic Temple believes that religion can, and should, be divorced from superstition. As such, we do not promote a belief in a personal Satan. To embrace the name Satan is to embrace rational inquiry removed from supernaturalism and archaic tradition-based superstitions. Satanists should actively work to hone critical thinking and exercise reasonable agnosticism in all things. Our beliefs must be malleable to the best current scientific understandings of the material world — never the reverse.

h. In explaining why The Satanic Temple is a religion, the Temple explains that it has no sincerely held religious beliefs, that their object of worship is "arbitrary" and it rejects "faith-based belief." In its own terms, it is symbolic rather than religious. *Id.*

> **IF YOU DO NOT BELIEVE IN THE SUPERNATURAL, HOW IS TST A RELIGION?**
>
> The idea that religion belongs to supernaturalists is ignorant, backward, and offensive. The metaphorical Satanic construct is no more arbitrary to us than are the deeply held beliefs that we actively advocate. Are we supposed to believe that those who pledge submission to an ethereal supernatural deity hold to their values more deeply than we? Are we supposed to concede that only the superstitious are rightful recipients of religious exemption and privilege? Satanism provides all that a religion should be without a compulsory attachment to untenable items of faith-based belief. It provides a narrative structure by which we contextualize our lives and works. It also provides a body of symbolism and religious practice — a sense of identity, culture, community, and shared values.

i. Indeed, the founder has all but admitted in an interview that he is an atheist and is lying about being a religious Satanist. As he explained, "If I were a fake, I would just claim a theistic belief in the supernatural." Joseph Laycock, *Is the Satanist Behind 10 Commandments Challenge Sincere?*, Religion Dispatches, *available at* https://bit.ly/3SViEgY (Jan. 8, 2014).

j. One of the co-founders of The Satanic Temple admitted to the New York Times that he "does not actually believe in Satan." Mark Oppenheimer, *A Mischievous Thorn in the Side of Conservative Christianity*, N.Y. Times, *available at* https://bit.ly/4gk6N54 (July 10, 2015). He explained that he made up The Satanic Temple to serve as "some kind of counter" to real religions that the federal government wanted to support. *Id.*

"Satanic Temple plans include the ultimate in strait-laced, law-abiding activism: lawsuits." *Id.*

k. One of the founders of The Satanic Temple was described in a news article as a "secular Jew." Annalisa Quinn, *They're friends. They're Satanists. They have a plan to save American Democracy.*, The Boston Globe, *available at* https://archive.is/byYjh (Aug. 6, 2024). The article notes that many join the Satanists "for the activism" and implies that the primary reason to join, according to the members, is "political." *Id.* Indeed, a co-founder of The Satanic Temple described it as "a 'poison pill' that would make introducing religion into public life so untenable for Christians that they give up and retreat." *Id.*

l. The other co-founder, and current leader, of The Satanic Temple also described his purported religion as "the poison pill in the church-state debate." *See* Anna Merlan, *Trolling Hell: Is the Satanic Temple a Prank, the Start of a New Religious Movement – or Both?*, The Village Voice, *available at* https://bit.ly/4wMoVJX (July 22, 2014). Similarly, the leader of the Church of Satan believes that The Satanic Temple is "a parody of Satanism rather than a representation of some actual philosophical or religious organization." *Id.*

27. Further, the Satanists rely on its Internal Revenue Service's status as a "church" for tax-exempt purposes in all filings to merit religious protections. *See* Exhibit A.

28. Notably, neither the federal tax code nor the Internal Revenue Service's administrative regulations define "church." *See* Congressional Research Service, *What is a 'Church' for Federal Tax Purposes*, *available at* https://bit.ly/4y3NTFC (Oct. 25, 2023).

29. Indeed, a "church" must survive both an "organizational" and "operational" test that show that the supposed Church is acting in furtherance of one of the recognized tax-exempt purposes. *See Iowaska Church of Healing v. Werfel*, 105 F.4th 402, 407 (D.C. Cir. 2024). It must also show that not "more than an

insubstantial part of its activities" are in furtherance "of an exempt purpose." *Id.* (quoting 26 C.F.R. § 1.501(c)(3)-1(c)(1))

30. The Internal Revenue Service and the courts assess church status using fourteen criteria—among them a recognized creed and form of worship, a formal code of doctrine and discipline, an organization of ordained ministers, established places of worship, regular congregations, and regular religious services—together with an associational test" requiring at a minimum "a body of believers or communicants that assembles regularly in order to worship." *See* Exhibit B; *Am. Guidance Found., Inc. v. United States*, 490 F. Supp. 304, 306 (D.D.C. 1980); *Found. of Human Understanding v. United States*, 614 F.3d 1383, 1390–91 (Fed. Cir. 2010). Defendants' proposed Requests for Production track those criteria.

31. However, The Satanic Temple has made several statements that reveal more than an "insubstantial" portion of its activities may be directed toward activities inconsistent with its sometimes-self-proclaimed status as a religious church. Indeed, much of the spending and organizing of the church appears to be advocacy or political in nature. If The Satanic Temple is actually a Section 501(c)(4) organization, it is likely not able to assert the claims that it is making (and, of course, there may be collateral federal consequences). For examples of the political nature of the organization:

    a. "Greaves has one message for Oklahoma Senators as they prepare to vote: 'We will all remember who you are. We will put Satanists in the schools and we will be sure everybody knows that it was you specifically who invited the Satanists.'" Kaylee Olivas, We will put Satanists in the

Schools: The Satanic Temple to send ministers to OK if bill allowing school chaplains is signed into law, KFOR, *available at* https://bit.ly/4hVynXC (April 30, 2024).

b. "'People's inability to see a different viewpoint is actually contributing to the bad politics a lot more than the idea of people withdrawing from the politics possibly could,' Greaves told me over the phone. 'People need to draw back a little bit and understand why they believe what they believe and reevaluate whether they have a rational basis for the viewpoints they hold.'" Sara Pequeño In the Trump Era, Satanists may be our saviors in fight to preserve free speech, USAT *available at*, https://bit.ly/4y0EcHM (Oct. 21, 2025).

c. "'This should be of significant concern to anybody, regardless of their own religious views,' Greaves said. 'Worse, in signing HB 931 into law, the governor simply announced, from the podium at a press conference, that Satanists were to be considered unqualified for the school chaplaincy program while citing no legal theory to support his view.' Greg Wehner, Satanic Temple co-founder challenges Florida Governor DeSantis to Debate on Religious Freedoms, Fox News, *available at*, https://bit.ly/46mZYK2 *(*April 21, 2024).

32. The Satanists are not entitled to RFRA protections if they are not asserting religious claims. *See Iowaska Church*, 105 F.4th at 412–13. This Court must understand the Satanists' status as a "church" to determine whether the Satanists may claim constitutional and statutory protections. Here, where the Satanists have raised questions about the sincerity of their beliefs—and whether their beliefs are religious in nature at all—Defendants should be entitled to engage in discovery. Without that discovery, this Court cannot meaningfully evaluate the Satanists' likelihood of success on the merits.

33. Determining (1) whether the Satanists' funding is used for religious purposes and (2) whether the Satanists sincerely believe that they are adherents to a religion despite their leaders' open explanation that The Satanic Temple is not,

by any reasonable definition, a religion warrants closer inspection before briefing the asserted claims.

34. Plaintiff will likely respond by pointing to *Satanic Temple v. City of Scottsdale*, 2020 WL 587882 (D. Ariz. Feb. 6, 2020), which it cites in nearly every complaint it files. *See* Exhibit C. That decision proves Defendants' point. The court there reached the question of The Satanic Temple's religious status only on a record developed through full discovery and a bench trial. Defendants ask for a far smaller measure of the same thing before this Court is asked to resolve the issue on an emergency motion.

35. The need for discovery is heightened because the Satanists' claimed church classification relieves them of any obligation to file a Form 990. See Exhibit A. Their revenues and expenditures are therefore not publicly reported, and discovery is the only means by which Defendants or this Court can test the claim that this organization operates for religious rather than political purposes.

36. Undersigned counsel conferred with counsel for Plaintiffs on August 27, 2026, regarding the relief requested in this Motion. Plaintiffs resist the Motion. A proposed order is submitted herewith.

37. Defendants proposed limited Requests for Production are appended hereto as Exhibit D.

WHEREFORE, Defendants respectfully request that this Court (i) grant Defendants leave under Federal Rule of Civil Procedure 26(d)(1) to serve the Requests

for Production attached as Exhibit D; (ii) order Plaintiffs to serve written responses and produce responsive documents within fourteen (14) days of the Court's order; and (iii) extend Defendants' deadline to resist Plaintiffs' Motion for Preliminary Injunction to fourteen (14) days after Plaintiffs' production is complete.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

*/s/ Lindsey L. Browning*
LINDSEY L. BROWNING AT0011959
Assistant Attorney General
Agency Counsel Division
1305 E. Walnut St., Second Fl.
Des Moines, IA 50319
Ph: (515) 281-3441
Fax: (515) 281-4209
Email: lindsey.browning@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

Counsel of record served via CM-ECF
on August 28, 2026.