IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| The Satanic Temple, Inc., and Mortimer Adramelech,<br><br>Plaintiffs,<br><br>vs.<br><br>Mark Campbell, Director of the Iowa Department of Administrative Services, *in his official and individual capacities*, Adam Steen, former Director of the Iowa Department of Administrative Services, *in his individual capacity,* and the Iowa Department of Administrative Services,<br><br>Defendants. | Case No. 4:26-cv-336<br><br>**REPLY IN SUPPORT OF ADRAMELECH'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br>**Local Rule 7(g)** |

Plaintiff Mortimer Adramelech, by and through undersigned counsel, respectfully submits this Reply in Support of his Motion for Leave to Proceed under Pseudonym.

## INTRODUCTION

Adramelech's need for anonymity to protect his safety, property, and privacy overwhelmingly outweighs the countervailing generalized interest in full disclosure. Defendants do not identify any threat of unfairness to them from allowing Adramelech to proceed pseudonymously. Nor do they contest the ample evidence that public disclosure of Adramelech's name will subject him to a risk of serious harm, including violence. Instead, they only argue that *they* will not retaliate against him; this is a red herring. They also erroneously claim that his identity has already been revealed, and his religious beliefs are not of a "sensitive and highly personal nature" to justify anonymity. Finally, they prematurely request a right to interlocutory

appeal if the Court grants this motion. Defendants' arguments lack merit and are addressed in turn below.

## ARGUMENT

### 1. Adramelech's Anonymity Does Not Threaten Unfairness to Defendants

Defendants provide no argument that allowing Adramelech to proceed pseudonymously would be fundamentally unfair to them. *See Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (identifying threat of fundamental unfairness to a party as a factor weighing against pseudonymity) (citing *In re Chiquita Brands Int'l, Inc.,* 965 F.3d 1238, 1247 (11th Cir. 2020)). They also completely ignore Adramelech's willingness to disclose his legal name through an appropriate protective order, if it becomes necessary during the course of litigation. (Dkt. 10-1 at 13); *see Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (recognizing that the district court can issue protective orders limiting disclosure of a party's name to preserve anonymity without prejudicing the opposing party's ability to litigate).

### 2. Defendants' Argument that *They* Will Not Retaliate Against Adramelech Ignores the Proper Inquiry and Dismisses the Risk of Harm from Nonparties

Defendants do not contest the voluminous evidence Adramelech provides showing a serious risk of harm, including violence, from disclosure of his legal name and identity. (Dkt. 10-1 at 7-11; Dkt. 10-2). Instead, they try to dismiss it as irrelevant because Adramelech has not shown a danger of retaliation from *them*. (Dkt. 17 ¶¶ 14, 18). In doing so, Defendants mischaracterize the inquiry. The risk of harm need not come from Defendants. *Advanced Textile Corp.*, 214 F.3d at 1070 (Article III standing does not prevent a court from allowing plaintiffs to proceed anonymously because they seek to protect themselves from retaliation by third parties); *see United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (using pseudonyms to protect from retaliation by third parties); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)

(granting pseudonymity when Plaintiffs demonstrated risk of extensive harassment and potential violent reprisals from public disclosure of their identities).

Defendants also misread *Cajune* to argue that a threat from defendants is required, despite other risks of harm or retaliation from the public. (Dkt. 17 ¶¶ 9, 11). *Cajune*'s holding is much narrower and does not require a threat from defendants: "[a] general reference to cancel culture alone is insufficient to establish a compelling fear of retaliation" when the alleged misbehavior stopped after plaintiffs complained, and named plaintiffs in the case had litigated two federal lawsuits asserting their viewpoints for nearly two years without apparent incident. *Cajune*, 105 F.4th at 1078. Adramelech has provided ample undisputed evidence that he personally faces a non-speculative risk of harm, including harassment and violence, if his legal name is publicly disclosed. (Dkt. 10-1 at 7-11; Dkt. 10-2; Dkt.10-3 ¶ 5; Ex. 6 ¶¶ 3, 4) (TST regularly receives bomb threats following news coverage of the organization, including one just last Tuesday). It is irrelevant that Defendants' claim *they* will not threaten him because the serious risks of harm to Adramelech from public disclosure of his legal name go well beyond "cancel culture" and are easily distinguishable from the generalized threats asserted in *Cajune*.

Defendants also misread *In re Chiquita* to argue that "[i]f a co-plaintiff being violently attacked for participating in a lawsuit was not enough to grant anonymity, then Plaintiff's facts are not enough either." (Dkt. 17 ¶ 18). But *In re Chiquita* turned on the specificity of evidence, and does not stand for the principle that a risk of violence or retaliation from defendants is required. *In re Chiquita* upheld a denial of pseudonomity to one plaintiff because "hundreds of plaintiffs have litigated this case under their true names" and there was only general evidence to support their asserted threat of retaliation. *In re Chiquita*, 965 at 1248 (finding no specific evidence that plaintiffs faced a risk of retaliation, and insufficient causal connection between

attack and the litigation). Unlike the plaintiff in *In re Chiquita,* Adramelech has provided concrete evidence that disclosing his name would subject him to threat of retaliation and risk of harm, including violence. (Dkt. 10-1 at 7-11; Dkt. 10-2; Dkt.10-3 ¶ 5; Ex. 6 ¶¶ 3, 4).

**3. Adramelech's Legal Name is Not Already Public, as Defendants Assert**

Defendants have misunderstood Adramelech's statement that "the Complaint is sufficiently detailed such that Defendants can readily and easily ascertain Adramelech's identity." (Dkt. 10-1 at 12-13). It simply conveys that Defendants have all the information necessary to respond to this litigation, which they do not dispute. Adramelech does not concede that Defendants–or more importantly, the public[1]–can discern his legal name from the filings. (Dkt. 17 ¶ 24). Defendants cite the PrideFest march and calls to Adramelech's job to show he has not maintained anonymity related to these matters. (Dkt. 17 ¶ 23). However, this conflates his participation in public events *under his pseudonymous identity* with public disclosure of his legal name. Adramelech has not publicly disclosed his legal name or his connection to this litigation. Indeed, he has gone to great lengths to maintain anonymity. (Dkt. 2-4; Dkt. 10-2).

**4. Adramalech's Religious Beliefs Are Sensitive and Highly Personal**

Defendants' arguments that Adramalech's religious beliefs are not of a "sensitive and highly personal nature" sufficient to support granting pseudonymity are unavailing. Implying a distinction where none exists, Defendants list several cases dealing with other types of "sensitive and highly personal" matters where courts have granted pseudonymity. (Dkt. 17 ¶ 13). But concerningly, they excluded the numerous relevant cases finding that religious beliefs can and do fall within this category. *See Stegall*, 653 F.2d at 186 (finding religion is a quintessentially

[1] As set forth in paragraph 1, *supra*, Adramelech's motion is centered on the risks from non-parties to the litigation, not from Defendants. (Dkt. 10-1 at 7-11; Dkt. 10-2). While he maintains that disclosure of his name to Defendants is not critical to this litigation, Defendants ignore his willingness to do so under an appropriate protective order if that becomes necessary.

private matter, and granting pseudonymity); *see also Doe v. Barrow Cnty., Ga.*, 219 F.R.D. 189, 193 (N.D. Ga. 2003) (finding that religion is a quintessentially private matter and granting pseudonymity based on risk of retaliation from the public). Like the plaintiffs in those cases, identification of Adramelech would reveal information of a sensitive and highly personal nature.

**5. The Court Should Deny Defendants' Motion for Interlocutory Appeal**

Finally, the Court should deny Defendants' premature request for interlocutory appeal for three reasons. First, granting their request before deciding the pending preliminary injunction motion would wrongly delay relief on the fundamental constitutional and civil rights claims in this case, potentially by years, causing irreparable harm for which money damages would be inadequate. *White v. Ni*x, 43 F.3d 374, 378 (8th Cir. 1994) (denying interlocutory appeal when it did little to advance termination of the litigation and instead resulted in delays); *Ray v. Union Pac. R.R. Co*., 971 F. Supp. 2d 869, 896 (S.D. Iowa 2013) (denying interlocutory appeal because it would dramatically and unnecessarily prolong litigation at significant expense to both parties); *Hartley v. Suburban Radiologic Consultants, Ltd.*, No. 11–cv–2664, 2013 WL 6511847, at *2 (D. Minn. Dec. 12, 2013) (same). Second, granting the request would result in inefficiencies for the courts, parties, and public. *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (discouraging piecemeal appeals because they result in additional burdens on both the court and the litigants). Third, granting the request would be inconsistent with federal law, the Rules of Appellate Procedure, and Local Rules, which together require a party seeking interlocutory review not as a matter of right to file a motion with the district court, allow the opportunity of the nonmoving party to respond, obtain a certification order from the district court, and then file a petition with the Eighth Circuit. 28 U.S.C. § 1292(b) (requiring certification that a case "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."); Fed. R. App. P. 5; *Ni*x, 43 F.3d at 376 (quoting *Bank of New York v. Hoyt*, 108 F.R.D. 184, 189 (D.R.I. 1985) (certification must be granted sparingly; movant bears the heavy burden of demonstrating that the case is an exceptional one, warranting immediate appeal); LR 7(d) (requiring motions to be supported by a brief stating the grounds and citing authorities); LR 7(e) (allowing 14 days for the opposing party to file a resistance).

**CONCLUSION**

For the foregoing reasons, Adramelech respectfully requests that this Court grant his Motion for Pseudonym, and deny the Defendants' request for interlocutory appeal as untimely and improperly submitted; alternatively, the Court should decide the motions for preliminary injunction and pseudonymity at the same time, or decide the preliminary injunction motion first.

Respectfully submitted this 4th day of September, 2026.

/s/ Shefali Aurora
Shefali Aurora, AT00012874
/s/ Rita Bettis Austen
Rita Bettis Austen, AT0011558
/s/ Thomas Story
Thomas Story, AT0013130

ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 808
Des Moines, IA 50309–2317
Telephone: (515) 243-3988
Fax: (515) 243-8506
Email: Shefali.Aurora@aclu-ia.org
Email: Rita.Bettis@aclu-ia.org
Email: Thomas.Story@aclu-ia.org

/s/ Emily E. Wilson
Emily E. Wilson, AT0013860
/s/ Melissa C. Hasso
Melissa C. Hasso, AT0009833

Hasso & Wilson Law Firm

111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone: (515) 224-2079
Fax: (515) 224-2321
Email: ewilson@hwlawiowa.com
Email: mhasso@hwlawiowa.com

/s/Matt Kezhaya
Matt Kezhaya, MN # 0402193
Admitted *pro hac vice*

Kezhaya Law PLC
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
Telephone: (612) 276-2216
Fax: matt@kezhaya.law

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

Date: September 4, 2026

/s/ Shefali Aurora
Shefali Aurora, AT00012874

ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 808
Des Moines, IA 50309–2317
Telephone: (515)243-3988
Fax: (515) 243-8506
Email: Shefali.Aurora@aclu-ia.org