IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, INC.; and MORTIMER ADRAMELECH,<br><br>Plaintiffs,<br><br>vs.<br><br>IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES; and ADAM STEEN,<br><br>Defendants. | 4:26-cv-00336-SMR-HCA<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXPEDITED DISCOVERY |

In this civil rights case, Defendants Iowa Department of Administrative Services and Adam Steen (collectively "DAS") filed a motion for expedited discovery. ECF No. 18. DAS seeks to conduct limited expedited discovery in conjunction with, and in advance of, a hearing on Plaintiffs The Satanic Temple, Inc., and Mortimer Adramelech's,[1] (collectively "TST") motion for preliminary injunction. *Id*. DAS asks the Court to order TST to provide written responses and produce documents responsive to nine requests for production of documents. ECF No. 18-4. TST resists the request for expedited discovery, arguing DAS lacks good cause for the discovery sought. ECF No. 20.

Under Federal Rule of Civil Procedure 26(d)(1), a party may only seek discovery prior to a Rule 26 conference upon stipulation, court order, or exemptions not applicable in this case. Generally, Eighth Circuit district courts, including this court, apply a good cause standard to

[1] Adramelech filed the Complaint using a pseudonym. The Court will continue to refer to Adramelech accordingly until such time as the Court rules on the pending motion to proceed under pseudonym, ECF No. 2.

determine if early discovery is appropriate.[2] *Seneca Cos., Inc. v. D&H United Fueling Sols., Inc.*, No. 4:24-CV-00023-RGE-WPK, 2024 WL 4884439, at *2 (S.D. Iowa Mar. 28, 2024). "Under this standard, 'the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party.'" *Id.* (quoting *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012)); *see also Rd. Safety Servs., Inc. v. Gilbertson*, No. 8:25CV622, 2026 WL 836656, at *21 (D. Neb. Mar. 26, 2026); *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

After a thorough review of the record in this case, the parties' respective arguments, and legal authorities cited, the Court finds and concludes good cause does not exist for expedited discovery for requests one through five, a portion of request seven, and requests eight through nine. To the extent the district judge permits DAS to argue the issues raised in these requests, DAS is in possession of responsive documents, as demonstrated by the exhibits, and can examine witnesses at the hearing.

However, good cause does exist as to request six and a portion of request seven. Request six goes to the heart of the issue raised in the preliminary injunction motion and the first portion of request seven—"Produce documents sufficient to show Plaintiff Mortimer Adramelech's membership in TST"—is necessary to demonstrate his connection to the claims. The Court finds and concludes any prejudice created by these narrow, targeted requests is indeed outweighed by DAS's need for the requested information in preparation for the preliminary injunction hearing. *See Seneca Cos.,* 2024 WL 4884439, at *2. The remainder of request seven falls outside the scope of expedited discovery.

[2] To the extent TST argues the preliminary injunction standard should apply rather than the good cause standard, the Court notes it would reach the same outcome under either standard.

For the foregoing reasons, the Court **grants in part and denies in part** the motion for expedited discovery, ECF No. 18. TST must produce documents in response to request six and request seven as modified above by no later than **October 2, 2026**.

IT IS SO ORDERED.

Dated September 28, 2026.

Helen C. Adams
U.S. Magistrate Judge