**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| THE SATANIC TEMPLE, INC. and MORTIMER ADRAMELECH,<br>*Plaintiffs*,<br>v.<br>MARK CAMPBELL, DIRECTOR OF THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, in his official and individual capacities, ADAM STEEN, FORMER DIRECTOR OF THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, in his individual capacity, and THE IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES,<br>*Defendants.* | Case No. 4:26-cv-336-SMR-HCA<br><br>**BRIEF IN SUPPORT OF DEFENDANT ADAM STEEN'S MOTION TO QUASH** |

**BRIEF IN SUPPORT OF DEFENDANT ADAM STEEN'S MOTION TO QUASH**

Plaintiffs ask this Court to order the Department of Administrative Services to host their event in the Capitol Rotunda this December. The decision they ask the Court to set aside is Director Campbell's denial of their 2026 application. Adam Steen did not make that decision. He was not at the Department when plaintiffs filed the application, he was not at the Department when the Director denied it, and he has had no communication with the Director about plaintiffs or their applications at any time. He is, for purposes of the preliminary injunction motion now before the Court, a stranger to the facts.

Plaintiffs want Mr. Steen on the stand for a different reason. After he left state employment, he said things in a political campaign that plaintiffs construed as the "starkest evidence" of hostility

toward them. Dkt. 11-1 at 14. Those remarks are already in the record. Live testimony will add no evidence to the proceeding, and it will come at the expense of a hearing the parties and the Court have compressed to fit a December event date.

Rule 45 does not permit a subpoena to be used that way. A subpoena that commands testimony bearing on no issue the Court must decide imposes an undue burden and must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iv). And to the extent plaintiffs seek to put a former official on the stand to explore what he was thinking when he made a decision on an event application two years ago that no longer governs anything, they seek an inquiry courts do not permit without a showing they have not attempted to make.

## BACKGROUND

Plaintiffs applied three times to hold a Krampus costume contest in the Capitol. The Department denied the first application in December 2024, when Mr. Steen was the Director. Dkt. 3-3 at 92. Mr. Steen left the Department in August 2025. Steen Decl. ¶¶ 2–3. Plaintiffs submitted their second application in September 2025, and Director Campbell became the Director shortly afterward. Dkt. 9-1 ¶¶ 81–82. The Department denied that application in November 2025. Dkt. 9-1 ¶ 88. Plaintiffs submitted their third application in March 2026, seeking to hold the event on December 12, 2026. Dkt. 3-7 at 13. The Department denied that application on September 11, 2026. Dkt. 25-1 at 1.

Plaintiffs sued and moved for a preliminary injunction requiring the Department to permit the 2026 event. Dkts. 1, 3. Their motion rests in part on remarks Mr. Steen made in a political campaign after his state employment ended, long after Mr. Steen denied Plaintiffs' 2024 event application. Dkt. 11-1 at 14. Plaintiffs have now served a subpoena commanding Mr. Steen to testify at the hearing on their motion. Exhibit A.

Mr. Steen has no role in the Department today. He holds no state office, supervises no state employee, and has no authority over the Capitol or over any event held there. Steen Decl. ¶ 3. He took no part in the decisions on the 2025 and 2026 applications, and he has not spoken with Director Campbell about plaintiffs, their applications, their administrative complaints, or this lawsuit. Steen Decl. ¶¶ 5–8.

## ARGUMENT

### I. The subpoena seeks testimony that bears on nothing the Court must decide.

A subpoena reaches only what is within the scope of discovery, which is to say matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45 advisory committee's notes (1970 amendment). The process is "provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted). When a subpoena demands testimony that serves no such purpose, the burden it imposes is by definition undue, and Rule 45(d)(3)(A)(iv) requires that it be quashed. *See id.* at 926–27.

The motion before the Court concerns one decision: the September 11, 2026 denial of plaintiffs' application to hold their event on December 12, 2026. Dkt. 3 at 3. That is the action plaintiffs ask the Court to enjoin, and the Director who took it is Mark Campbell. Whether the Court grants relief turns on whether the Rotunda is a limited public forum, whether the Department's harmful-to-minors provision is reasonable and viewpoint-neutral, and whether Director Campbell applied it to plaintiffs as he would to anyone else.

To the extent subjective motive matters to that analysis, it is the decisionmaker's motive that counts. *Satanic Temple v. City of Belle Plaine*, 80 F.4th 864, 867 (8th Cir. 2023) (upholding policy change despite objections to Satanic display in city park); *cf. Satanic Temple, Inc. v. City*

*of Scottsdale*, 856 F. App'x 724, 726 (9th Cir. 2021) (upholding city manager's decision not to permit Satanic Temple's invocation at city council meeting despite comments from councilmembers). And the only case Plaintiffs cite (Dkt. 11-1 at 15) for the proposition that Mr. Steen's alleged motive carries over to Director Campbell actually cuts the opposite direction: "If a plaintiff demonstrates that *a particular Government defendant* was behind [an alleged violation], it will be easier for her to prove that she faces a continued risk of future restriction that is likely to be traceable to *that same defendant*." *Murthy v. Missouri*, 603 U.S. 43, 59 (2024) (emphases added). As the Supreme Court explained in *Murthy*, courts err when they treat defendants "as a unified whole." *Id.* at 61. Here, like *Murthy*, "[t]he plaintiffs treat the defendants as a monolith." *Id.* at 69. But courts instead must each assess each defendant by his own actions, not someone else's. *Id.*

Mr. Steen can speak to no facts relevant to the 2026 application. He was gone before the application was filed. He did not review it, did not weigh it, and did not decide it. He has had no communication with the Director who did. Steen Decl. ¶¶ 5–8. Testimony from a witness in that position cannot make any material fact of consequence more or less probable, and a hearing subpoena is not a device for producing a witness whose only contribution is his identity.

**II. Any marginal relevance is exhausted by documents already before the Court.**

The one subject on which plaintiffs claim Mr. Steen has information that allegedly bears on the 2026 application is a set of statements he made in a political campaign after leaving state employment, long after the denial of the 2024 application. Plaintiffs already have those statements, have quoted them, and have argued from them. Dkt. 11-1 at 14. The Court can read them and give them whatever weight they deserve with regards to a denial of an event more than a year after he left office without hearing the speaker repeat them.

That matters under Rule 45, which obliges the party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). It matters under Rule 26(b)(1) as well, which asks whether the discovery sought is proportional, weighing, among other factors, whether "the burden or expense of the proposed discovery outweighs its likely benefit." Compelling a private citizen to appear and testify at an expedited hearing, about documents in evidence, for a motion in which he made none of the decisions under review, is not proportional to any burden.

Nor is live testimony the ordinary course on a preliminary-injunction motion. The Rules expressly contemplate that a motion resting on facts outside the record may be heard on affidavits. Fed. R. Civ. P. 43(c). The Court has broad discretion to control the presentation of evidence at such a hearing, and that discretion is at its most useful when a party proposes to spend hearing time on a witness whose testimony would not move the analysis.

## III. Plaintiffs may not put a former official on the stand to probe his reasoning absent a showing they have not made.

Even if Mr. Steen's 2024 decision were before the Court in this preliminary injunction posture, plaintiffs could not call him to explore what he was thinking when he made it. Courts do not "probe the mental processes" of a government decisionmaker. *United States v. Morgan*, 313 U.S. 409, 422 (1941) (quotation omitted). "Just as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be equally respected." *Id.* (cleaned up). Inquiry of that kind requires a "strong showing of bad faith or improper behavior." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *cf. Trump v. Hawaii*, 585 U.S. 667, 700, 706 (2018) (upholding executive order grounded in legitimate concerns despite campaign rhetoric allegedly showing religious animus).

Plaintiffs have not attempted that showing, and the record forecloses it. The Iowa Office of Civil Rights examined the 2024 denial and concluded that the Department had articulated a legitimate, nondiscriminatory reason for it, that plaintiffs had identified no similarly situated event the Department permitted, and that Mr. Steen's later remarks did not conclusively establish a discriminatory motive. Dkt. 3-3 at 229–31.

The deeper problem with plaintiffs' theory is that it asks the Court to attribute one official's alleged hostility to a different official's decision. That attribution requires proof that the first official influenced the second. *See Satanic Temple*, 856 F. App'x at 726. Plaintiffs have none. They do not allege that Mr. Steen spoke with Director Campbell, and he did not. Steen Decl. ¶ 7. Without that link, testimony about Mr. Steen's views is testimony about a person whose views did not enter the decision under review.

One more ground to quash the subpoena: there is not a reasonable time to comply. A subpoena must be quashed if it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Plaintiffs served the subpoena on October 1, 2026, five days before the hearing, on a private citizen who must arrange to leave his obligations to attend. More, this hearing was set on August 21, 2026. Dkt. 15. There was ample time to notice a subpoena before less than one week before the hearing, especially given the attenuated relationship of Mr. Steen to the decision at issue in the preliminary injunction.

## IV. Plaintiffs' anticipated responses do not change the analysis.

Plaintiffs will say that Director Campbell denied the 2026 application for the same reasons the Department gave in 2024, and that Mr. Steen may be attributed the result of the decision under review. The premise confuses the event with the decisionmaker. The reasons are similar because the application was identical; plaintiffs asked three times for the same costume contest, with the

same costumes, in the same space. The Director will testify to his own review and his own reasons, and plaintiffs may cross-examine him on that. That is the examination the Rules contemplate.

Plaintiffs will also say that Mr. Steen is a defendant and so may be called like any other party. Party status does not make irrelevant testimony relevant. Plaintiffs sued Mr. Steen in his individual capacity, and their claim against him concerns a 2024 denial that no injunction can undo. Whatever the merits of that claim, and Defendants plan to contest those merits in due course, it is not the subject of the motion now before the Court, and no relief plaintiffs seek on this motion can run against a former official who has no authority to grant it.

Last, plaintiffs will say that motive matters to their viewpoint-discrimination theory and that they are entitled to develop it. As explained, to the extent motive matters, it is the decisionmaker's motive that counts. Plaintiffs are entitled to test Director Campbell's reasons. They are not entitled to a hearing about a former director's campaign rhetoric, offered in place of evidence about the person who actually decided their application.

## CONCLUSION

The Court should quash the subpoena commanding Mr. Steen to testify at the preliminary-injunction hearing. In the alternative, the Court should enter a protective order relieving him of the obligation to appear, without prejudice to appropriately limited discovery on plaintiffs' individual-capacity claims at the proper stage of this case.

BRENNA BIRD
Attorney General of Iowa

ERIC WESSAN
Solicitor General

*/s/ Eric Wessan*
LINDSEY BROWNING
Assistant Attorney General, Agency Counsel Division

PATRICK C. VALENCIA
Deputy Solicitor General
CATHERINE FRAPPIER
Assistant Solicitor General
Iowa Department of Justice
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-5164
eric.wessan@ag.iowa.gov
lindsey.browning@ag.iowa.gov
patrick.valencia@ag.iowa.gov
catherine.frappier@ag.iowa.gov

*ATTORNEYS FOR DEFENDANTS*

Original filed electronically.
Copy electronically served on all parties of record.