IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

The Satanic Temple, Inc., and Mortimer Adramelech,

Plaintiffs,

vs.

Mark Campbell, Director of the Iowa Department of Administrative Services, *in his official and individual capacities*, Adam Steen, former Director of the Iowa Department of Administrative Services, *in his individual capacity,* and the Iowa Department of Administrative Services,

Defendants.

Case No. 4:26-cv-00336

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE IN RESPONSE TO QUESTIONS AT PRELIMINARY INJUNCTION HEARING**

Plaintiffs respectfully request that this Court strike Defendants' Response to Questions at the Preliminary Injunction Hearing and the accompanying exhibits and, in the alternative, Plaintiffs provide the following Response on the merits.

## INTRODUCTION

On October 13, 2026, a week after the evidentiary hearing on Plaintiffs' motion for preliminary injunction, Defendants provided notice of supplemental exhibits. This Court should strike the response and supplemental exhibits as untimely and unfair to Plaintiffs. If the Court admits the exhibits, it should not give them any weight in deciding the preliminary injunction because they are irrelevant to the Court's questions on differential treatment and pretext, and do not rebut Plaintiffs' ample evidence that the denial was based on disagreement with and disfavor of Plaintiffs' religious viewpoint. Finally, the First Amendment does not permit Defendants to condition approval of Plaintiffs' event on omitting the Krampus costume contest in this case.

## ARGUMENT

### I. THE COURT SHOULD STRIKE THE DEFENDANTS' RESPONSE AND SUPPLEMENTAL EXHIBITS BECAUSE THEY ARE UNTIMELY AND UNFAIR TO THE PLAINTIFFS.

The Court ordered parties to be prepared to present evidence at the hearing. (ECF 15). Before the hearing, the Court specifically advised Defendants to be prepared to address Plaintiffs' allegation that Defendants treated Plaintiffs' event applications differently from those submitted by other groups. Defendants failed to adequately address the Court's questions, so at the hearing, the Court questioned Defendant Campbell directly about the typical time frame for processing applications, focusing on the extensive delays faced by Plaintiffs compared to other applicants. Apparently unsatisfied with his own testimony, he now attempts to supplement his response. Defendants had sufficient notice that this question was important to the case and they should have been prepared to fully address the Court's concerns at the hearing. They had access to all the documents referenced in the supplemental exhibits before the hearing.

The federal rules grant the district court discretion to admit untimely motion papers only when the movant's failure to do so prior is excusable. Fed. R. Civ. P. 6(b); *Lujan v. Nat'l Wildlife Found.*, 497 U.S. 871, 895–97 (1990) (affirming district court's discretion in declining to admit an untimely evidentiary submission). But Defendants' delay is not excusable here. Defendants did not move this Court for leave to supplement the record, and they have not explained why they failed to provide this evidence at the hearing. *See also* Fed. R. Civ. P. 6(c) ("[A]ny opposing affidavit must be served at least 7 days before the hearing, unless the court permits service at another time."). The Court did not request additional evidence or grant Defendants permission to supplement the record.

Defendants' untimely presentation of exhibits is also unfair to Plaintiffs because they did not have the opportunity to address them at the hearing, in particular by cross-examining Defendant Campbell. *See Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 90 F. Supp. 2d 15, 17 (D.D.C. 2000) ("The Court expected that in holding an evidentiary hearing, the parties would present all their evidence at the hearing because such a forum provides a fair opportunity for the parties to present their evidence and cross-examine opposing witnesses."). The appropriate time to compile and submit this list of applications was before the hearing, which would have allowed Plaintiffs to cross-examine Defendant Campbell regarding the truth of the matters asserted, not one week later. (ECF 48-1 ¶ 5).

The time to submit these exhibits has passed. Defendants should not be allowed to supplement evidence after the hearing because of their own failure to timely prepare and present the evidence before or at the hearing, with no excusable explanation for the delay. The Court should strike the Defendants' Response and supplemental exhibits as untimely and unfair.

## II. IF THE COURT ADMITS THE SUPPLEMENTAL EXHIBITS, IT SHOULD NOT GIVE THEM ANY WEIGHT BECAUSE THEY ARE NOT RELEVANT TO PLAINTIFFS' CLAIMS.

Even if the Court does not strike Defendants' Response and exhibits in its entirety, it should not consider the supplemental exhibits in deciding the preliminary injunction because they are irrelevant to the Court's questions on differential treatment and pretext and do not provide the Court with comparators relevant to the TST applications. Most of the applications listed in the exhibit appear to be submitted one year from the proposed date of the event. (ECF 48-2). But the exhibit does not address the delays between submission of an application and the initial response or acknowledgement. Defendants' exhibit conflates three parts of processing the initial application: acknowledging receipt of the application, placing an event on the calendar,

and providing the MOU, and the possibility of subsequently denying the event and removing it from the calendar, as Defendants did with Plaintiffs. The exhibit does not address the time delay between these three steps. Plaintiffs did not even receive an acknowledgement of their application until 130 days after submission. (ECF 9-1 ¶¶ 100–01). All other applicants received at least an acknowledgement within one to two business days of submission, even if they did not receive the MOU until a later date. (ECF 3-19, *passim*). The exhibit also does not identify a single other application for which the MOU was provided, signed by the applicant, and then later denied. Year after year, Plaintiffs are the only group that initially received an MOU, signed it, and then subsequently had their application denied. The exhibit also does not distinguish between the indoor and outdoor event applications. This comparator is important because MOU rules differ for events inside the Capitol and those on the exterior grounds. The supplemental evidence is not responsive to the Court's question at the hearing nor is it relevant to Petitioners' claims.

Additionally, the supplemental evidence does nothing to overcome the overwhelming evidence in the record and testimony presented at the hearing establishing the pretextual nature of the denial. Defendant Steen, both directly in his numerous out-of-court statements and indirectly through his testimony, could not have been clearer that he denied the events not for the Krampus costume contest, but because of Plaintiffs' religious beliefs. (ECF 3-3 at 107, 112, 121–22, 129, 141–42; ECF 3-4 at 107, 112, 121–22, 129, 141–42). At the hearing, he repeatedly claimed not to remember his own motivations for the denial, but acknowledged his past statements. And importantly, he did not (and could not) credibly disavow those prior statements.

Campbell, in turn, made three critical admissions during his testimony:

First, he testified that he denied the Plaintiffs' applications in 2025 and 2026 because Steen had done so in 2024, and he determined the 2025 and 2026 applications were identical to the prior submission. That confirmed Steen's contemporaneous statement, at his 2025 campaign event at the Rotunda, that he had just learned that Governor Reynolds and Defendant Campbell had denied the 2025 event "for the same reasons" as he had in 2024; he thanked them and celebrated the denial as a triumph of good over "evil". (ECF 3-3 at 121–22; ECF 3-4 at 121–22).

Second, Campbell and Steen both acknowledged in their testimony that the Governor's Office was aware of, and involved in, all three denials to some extent, which, under the same Governor, further supports the continuation of the denial's reasoning and discriminatory treatment of TST.

Third, Campbell testified that he had another reason to deny the event: He heard folklore about Krampus dragging children to Hell as a child, and was personally scared of Krampus. As a result, he said, he believed any Krampus-related imagery or costuming would be harmful to minors because it would or could scare them, too.[1]

[1] The Defendants' stereotypes regarding Plaintiffs' religious beliefs are not a constitutional basis for the denial. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993) ("At a minimum, the protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons."). As highlighted by the Defendants' list of event applications, the Capitol Rotunda hosts a wide-variety of groups looking to participate in the legislative process and civil discourse more broadly. (ECF 48-2). Many of these events, which contain critical and obviously protected speech, pertain to violent or scary subject matter which could be upsetting to children under the same reasoning Defendants asserted here. *See id.* (including events related to human trafficking, sudden infant death syndrome, animal abuse, domestic violence, sex offender registries, firearms, and substance abuse); *see also* Travis LaCoss, *The Annual Iowa March for Life Hits the State Capitol,* Des Moines Reg. (June 20, 2026) (depicting Capitol Rotunda event with references to "child sacrifice" and religious symbols related to crucifixion); Cody Scanlan, *See Photos as Abortion Abolitionist Rally at Iowa State Capitol*, Des Moines Reg. (Feb. 9, 2026) (sign with "DO NOT MURDER YOUR BABY"). Allowing the Defendants' freewheeling discretion to deny events based on such personally ascribed beliefs or assumptions is incompatible with the First Amendment. *Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 763 (1988) (noting the danger of content and viewpoint censorship "is at its zenith

These three facts significantly exceed the Court's test to demonstrate that Defendant Campbell continued the unconstitutional viewpoint and religious discrimination initially attributable to Defendant Steen. *See Mayor of City of Phila. v. Educ. Equal. League*, 415 U.S. 605, 622 (1974) ("Where there have been prior patterns of discrimination by the occupant of a state executive office but an intervening change in administration, the issuance of prospective coercive relief against the successor to the office must rest, at a minimum, on supplemental findings of fact indicating that the new officer will continue the practices of his predecessor" (emphasis added)); *Freedom from Religion Found. v. Abbott*, 955 F.3d 417, 424–25 (5th Cir. 2020) (recognizing a continuing violation when permits for events or displays are denied in consecutive years for the same reason).

## III. PLAINTIFFS ARE NOT REQUIRED TO SUBMIT A NEW APPLICATION.

Defendants seem to believe that Plaintiffs are required to submit a new application for their 2026 event. But that incorrectly presumes the constitutional permissiveness of Defendants' asserted rationale for the denials. The First Amendment does not require Plaintiffs to omit the Krampus costume contest as a condition of Defendants' approving their event, especially when, as established, the denials are so clearly based on Defendants' disagreement with Plaintiffs' doubly-protected religious speech. It is also a red herring because Campbell refused at the hearing to commit with any certainty that he will approve a new application that omits the Krampus costume contest. As the Court noted at the hearing, and as Campbell repeated in his latest declaration, he will merely "process" the application within a week. (ECF 48-1). Processing is not approving. Given the three-year history of how Defendants have "processed" Plaintiffs' applications, providing an MOU and placing them on the calendar, only to deny them,

---

when the determination of who may speak and who may not is left to the unbridled discretion of a government official").

this vague assurance is meaningless. To the contrary, it further supports Plaintiffs' allegation that the Krampus costume contest was not the sole basis of the denial. Without Court intervention, even if Campbell provides Plaintiffs with an MOU, there is no indication he would not again deny the application closer to the event date, upon some new trumped-up pretext. Plaintiffs decline to agree to this unconstitutional requirement.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike Defendants' Response to Questions at the Preliminary Injunction Hearing and accompanying exhibits; or, alternatively, to recognize they are irrelevant to Plaintiffs' claims and the resolution of the pending motion for preliminary injunction.

Respectfully submitted this 19th day of October, 2026.

/s/ Shefali Aurora
Shefali Aurora, AT0012874
/s/ Rita Bettis Austen
Rita Bettis Austen, AT0011558
/s/ Thomas Story
Thomas Story, AT0013130
/s/ West Oliver Connors
West Oliver Connors, AT0016753

ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 808
Des Moines, IA 50309–2317
Telephone: (515) 243-3988
Fax: (515) 243-8506
Email: Shefali.Aurora@aclu-ia.org
Email: Rita.Bettis@aclu-ia.org
Email: Thomas.Story@aclu-ia.org
Email: West.Connors@aclu-ia.org

/s/ Emily E. Wilson
Emily E. Wilson, AT0013860
/s/ Melissa C. Hasso
Melissa C. Hasso, AT0009833

Hasso & Wilson Law Firm
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone: (515) 224-2079
Fax: (515) 224-2321
Email: ewilson@hwlawiowa.com
Email: mhasso@hwlawiowa.com

/s/Matt Kezhaya
Matt Kezhaya, MN # 0402193
Admitted *pro hac vice*

Kezhaya Law PLC
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
Telephone: (612) 276-2216
Fax: matt@kezhaya.law

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

Date: October 19, 2026

/s/ Shefali Aurora
Shefali Aurora, AT00012874

ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 808
Des Moines, IA 50309–2317
Telephone: (515)243-3988
Fax: (515) 243-8506
Email: Shefali.Aurora@aclu-ia.org