IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

THE SATANIC TEMPLE, INC., and MORTIMER ADRAMELECH,

Plaintiffs,

v.

MARK CAMPBELL, in his Individual Capacity and Official Capacity as the Director of the Iowa Department of Administrative Services, ADAM STEEN, in his Individual Capacity, and IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES,

Defendants.

Case No. 4:26-cv-00336-SMR-HCA

ORDER ON MOTION TO STAY PENDING APPEAL

Defendant Mark Campbell moves for a stay of the Court's preliminary injunction pending appeal or, alternatively, an administrative stay of its compliance deadlines while the Eighth Circuit considers a stay motion. [ECF No. 55]. Because Director Campbell requests a ruling by 5:00 p.m. on November 4, 2026, the Court rules without awaiting a resistance. The motion for a stay pending appeal is DENIED, and the Court GRANTS a limited administrative stay of the compliance deadlines.

## I. BACKGROUND

On November 2, 2026, the Court granted Plaintiffs' motion for a preliminary injunction. [ECF No. 52]. The Court concluded that Plaintiffs are likely to succeed on their claim that the Department's harmful-to-minors rationale cannot justify denying their application to hold a holiday event in the Iowa Capitol Rotunda on December 12, 2026. *Id.* The Court ordered Director Campbell to approve the application and countersign the memorandum of understanding within

seven days, and to file a notice of any conditions imposed on the event within ten days. *Id.* at 23–24. Director Campbell appealed the same day. [ECF No. 53]. He now seeks a stay pending appeal.

## II. DISCUSSION

### *A. Legal Standard*

While an appeal from an order granting an injunction is pending, the district court may suspend or modify the injunction. Fed. R. Civ. P. 62(d). A party seeking a stay pending appeal must ordinarily move first in the district court. Fed. R. App. P. 8(a)(1)(A).

A stay pending appeal is not a matter of right but an exercise of judicial discretion, and the party requesting it bears the burden of showing that the circumstances justify it. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (explaining that a stay is not a matter of right "even if irreparable injury might otherwise result") (citation omitted). The Court considers four factors: (1) whether the movant has made a "strong showing" that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties; and (4) where the public interest lies. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (citation omitted).

### *B. Stay Pending Appeal*

#### 1. Likelihood of Success

Director Campbell has not made a strong showing that he is likely to succeed on appeal. Most of his arguments restate positions the Court considered and rejected in granting the injunction: that the denial was reasonable in light of the Capitol's purpose, that *Powell* supports the denial, and that the denial was viewpoint neutral. [ECF No. 55-1 at 2–6]. Suggesting that the Eighth Circuit may see those questions differently does not meet the movant's burden. *See*

*Choreo, LLC v. Lors*, No. 4:25-cv-00077-SMR-SBJ, 2025 WL 1484429, at *2 (S.D. Iowa Apr. 21, 2025).

His arguments about the State's interest in protecting children fare no better. He contends that *Brown v. Entertainment Merchants Association* does not apply because it was not a forum case, but the Court addressed that distinction in its order. And *Olmer* does not help him. Although the Eighth Circuit recognized the importance of protecting young children from frightening images, it held the challenged ordinance invalid. *Olmer v. City of Lincoln*, 192 F.3d 1176, 1180 (8th Cir. 1999). In doing so, it accepted the district court's finding that, absent gruesome images such as "a dead body or the like," the city had no legitimate interest in shielding children from protesters' signs. *Id.* Nothing in *Olmer* suggests that the interest permits the Department to exclude an event because officials believe its subject might frighten children.

Director Campbell also raises two new points. He notes that the injunction is mandatory, which he contends calls for closer scrutiny. [ECF No. 55-1 at 2]. Mandatory preliminary relief does carry a heavier burden, and the Court's findings satisfy it. *See Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 490 (8th Cir. 1993). He also argues that the injunction exceeds the scope of the violation by directing him to execute a state instrument on a state timetable. [ECF No. 55-1 at 6–7]. But he concedes that a federal court may order a state official to take an action state law describes, and an order merely forbidding reliance on the harmful-to-minors rationale would not ensure that the event could proceed on December 12. *Id.* at 7.

2. Irreparable Harm

Director Campbell has not shown that he will suffer irreparable harm absent a stay. He invokes the principle that a State suffers irreparable injury when it is enjoined from carrying out its own lawful policies. *Id.* at 7–8. But the injunction does not bar enforcement of any statute or

regulation. It addresses a single decision applying a discretionary standard. The Court concluded only that this decision was likely unconstitutional. The Department may still impose the conditions it applies to other indoor events, and the Capitol's ordinary security screening remains in place.

Director Campbell also argues that Plaintiffs could avoid any harm by resubmitting the application without the costume contest, as they offered to do in 2024. [ECF No. 55-1 at 8]. But Plaintiffs are not required to give up protected expression to gain access to a forum from which that expression was likely excluded unlawfully.

3. Injury to Plaintiffs and the Public Interest

A stay would inflict the harm the injunction prevents. Plaintiffs' event is scheduled for December 12, 2026. If the appeal is not resolved by then, a stay would deny Plaintiffs the event for the third consecutive year, and no later ruling could restore it. The loss of First Amendment freedoms "unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (per curiam) (citation omitted). Director Campbell's concern that the appeal may become moot does not change the analysis. A stay would simply shift the loss of the event to Plaintiffs. The public interest likewise favors denying a stay, because "it is always in the public interest to protect constitutional rights." *Schmitt v. Rebertus*, 148 F.4th 958, 970 (8th Cir. 2025) (citation omitted).

*C. Administrative Stay*

Alternatively, Director Campbell seeks an administrative stay of the compliance deadlines while he asks the Eighth Circuit for a stay. [ECF No. 55-1 at 8–9]. An administrative stay is a brief pause that "buys the court time to deliberate" and does not reflect a view of the merits. *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of applications to vacate stay). The event is several weeks away, and a short extension of the compliance deadlines

will allow the Eighth Circuit to act on an expedited request while preserving Plaintiffs' ability to hold the event as scheduled.[1] The Court therefore grants a limited administrative stay of the compliance deadlines. The stay does not reflect any doubt about the Court's analysis, and the preliminary injunction otherwise remains in full force and effect.

## III. CONCLUSION

For the foregoing reasons, Defendant Mark Campbell's Motion for a Stay of Preliminary Injunction Pending Appeal is GRANTED in part and DENIED in part. [ECF No. 55]. The motion is DENIED to the extent it seeks a full stay of the preliminary injunction pending appeal. The preliminary injunction shall remain in full force and effect during the pendency of the appeal.

IT IS FURTHER ORDERED that the compliance deadlines in the November 2, 2026 Order are ADMINISTRATIVELY STAYED. No later than November 16, 2026, or 24 hours after the Eighth Circuit denies a stay, whichever is earlier, and unless the Eighth Circuit orders otherwise, Defendant Campbell shall approve Plaintiffs' March 2026 application and countersign the memorandum of understanding Plaintiffs signed and returned in July 2026. Defendant Campbell shall file the notice of conditions required by the November 2, 2026 Order within three days after countersigning the memorandum of understanding. Plaintiffs may file any objection within five days of that notice.

IT IS SO ORDERED.

Dated this 4th day of November, 2026.

STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT

[1] The compressed timeline is partly of the Department's own making. Plaintiffs submitted their application in March 2026, and the Department did not deny it until September—weeks after Plaintiffs filed this lawsuit.